APPEAL OF CONNECTICUT NATIONAL PAVEMENTS, INC.

Docket No. 3448.   Submitted September 26, 1925.   Decided March 31, 1926.

> The taxpayer in 1920 expended $25,000 for certain patent rights which it alleged became worthless in 1921. *Held,* the said patent rights were in fact worthless in 1921 and the cost thereof is deductible as a loss for that year.

*Edward B. Burling* and *H. C. Kilpatrick, Esqs.,* for the taxpayer. *A. H. Fast, Esq.,* for the Commissioner.

Before MARQUETTE, GREEN, MORRIS, and LOVE.

FINDINGS OF FACT.

The taxpayer is a Connecticut corporation with its principal place of business at New Haven. It was organized in the year 1920 for the purpose of engaging in the paving business.

On April 19, 1920, the taxpayer entered into a contract with the Franklin Contracting Co., whereby the latter granted to the taxpayer the right to manufacture and lay within the States of Connecticut and Rhode Island a certain kind of pavement, the manufacture of which

was protected by patents owned or controlled by the Franklin Contracting Co., known as "National" pavements, and for this right the taxpayer paid the sum of $25,000. The principal ingredient in the making of this pavement was a peculiar kind of clay known as "15 per cent bitumen" clay. The officers of the taxpayer knew nothing of the manner of making "National" pavements, nor of the necessary materials, but it was represented to them that there was plenty of such clay in Connecticut and Rhode Island, and they relied upon and believed such representations when making the purchase.

During 1920 the taxpayer secured two or three paving contracts for the "National" pavement, but discovered that the type of clay required could be found only in small quantities in Connecticut and Rhode Island. Early in 1921 the taxpayer took on one more small paving job for this pavement, but, owing to the difficulty of obtaining the proper clay, refused to take or apply for more contracts for this kind of pavement. The taxpayer made diligent search for this clay throughout Connecticut and Rhode Island, but found that it could not be obtained in commercial quantities. The nearest point from which such clay was obtainable was in the State of New Jersey, but the expense of transportation prohibited its commercial use. The taxpayer abandoned the special machinery used for this pavement and continued to lay only unpatented pavements.

The taxpayer thereupon, in the fall of 1921, abandoned the manufacture and laying of pavement under such patents and charged the cost of the patent rights from its books as worthless, and has never since manufactured nor offered to manufacture under said patent rights.

The taxpayer, in its income-tax return for 1921, deducted said sum of $25,000 from its gross income as a loss not covered by insurance or otherwise, but the Commissioner refused to allow the same.

OPINION.

LOVE: The Commissioner disallowed the amount in controversy as a loss on the sole ground that there had been insufficient evidence to establish the fact that the patent rights to manufacture were worthless. At the hearing, however, the evidence was convincing that the patent rights for which the taxpayer had expended $25,000 were in fact worthless and useless to the taxpayer, and that it had discarded such assets permanently from use in the business within the taxable year 1921.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*